Dear Mr. Labat:
You have asked this office to advise whether an individual serving on the Houma Zoning Commission may also serve on the Houma Board of Adjustments.
The governmental functions of the City of Houma have been consolidated with those of the parish, and the governing entity is known as the Terrebonne Parish Consolidated Government.[1]
Section 20-141 of the Parish Code of Ordinances establishes the Houma Zoning Commission and states:
 Sec. 20-1141. Created, purpose, powers. There is hereby created a zoning commission, as provided for in this article, which commission shall have and exercise all powers and privileges conferred by the zoning ordinance of the city. The zoning commission shall have for its purpose the promotion of health, safety, morals or the general welfare of the community, and the zoning commission may regulate the height, number of stories and size of structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes.
Membership on the Houma Zoning Commission is established pursuant to Sec. 20-142 of the parish code, providing:
Sec. 20-142. Members, qualifications.
 The zoning commission shall consist of five (5) members, appointed by the parish council, who may remove any member, after public hearing, for inefficiency, neglect of duty, malfeasance in office or a loss of any qualification as provided for herein. Each member of the commission shall be a resident of the city during his entire term of office and no member shall hold any other public office. (Emphasis added).
Section 20-142 quoted above prohibits zoning commissioners from holding "any other public office."
We are of the opinion that membership on the Board of Adjustments constitutes "public office." R.S. 42:1 states:
§ 1. Public office defined
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
 "Public officer" is any person holding a public office in this state.
Section 28-178 of the parish code establishes the Board of Adjustment and defines its membership and duties.[2] This section specifically creates the Board of Adjustment "in accordance with R.S. 33:4727 (A)" which permits the local legislative body to provide for the appointment of members to a local board of adjustment.[3]
We are of the opinion that membership on the local board of adjustments constitutes "public office" as defined by R.S. 42:1. This office has previously determined that membership on the board of adjustments constitutes part-time appointive office. See Attorney General Opinion 86-308, copy attached. Because Section 20-142 prohibits a zoning commissioner from holding any other public office, he may not also hold the position on the board of adjustments.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Sec 1-04 of the home rule charter states:
Sec. 1-04. Consolidation of governments.
(a) The governmental functions of the City of Houma are hereby consolidated with the governmental functions of Terrebonne Parish. The name of the new government shall be the Terrebonne Parish Consolidated Government, hereinafter sometimes referred to as the "parish government."
(b) The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, shared revenues and shared taxes peculiar to municipal governments.
(c) The parish council shall be the governing authority of the City of Houma for purposes of levying property taxes in accordance with Article VI, section 27 of the constitution and for providing municipal type services.
[2] Sec 28-178 of the parish code states, in part:
Sec. 28-178. Board of adjustment.
(a) Members; appointment; terms. The board of adjustment, in accordance with R.S. 33:4727 (A) shall consist of five (5) members and may include two (2) alternate members, all of whom shall be landowners and qualified voters. The membership of the first board shall serve, respectively, one (1) for one (1) year, one (1) for two (2) years, one (1) for three (3) years, one (1) for four (4) years and one (1) for five (5) years. Therefore members shall be appointed for terms of five (5) years each. Of the two (2) alternate members first appointed, one (1) alternate member shall be appointed for a term of three (3) years and the other for a term of two (2) years. Thereafter each alternate member shall be appointed for a term of three (3) years. Alternate members shall serve only when called upon to form a quorum, and when so serving shall have all the powers and duties of regular members.
[3] R.S. 33:4727 provides for the creation of a board of adjustment, its membership, powers of the board, and defines procedure. R.S. 33:4727
(A)(1) states:
A. (1) The local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restriction adopted pursuant to the authority of R.S. 33:4721 through R.S. 33:4729 may provide that the board may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules contained therein.
Opinion No. 86-308
May 19, 1986
78 — OFFICERS DUAL OFFICEHOLDING
60 — LAW OFFICES
The Chief of Police cannot unilaterally recall a police commission unless so provide by ordinance. An individual can hold the unpaid position of Civil Defense Director and an appointment on the Board of Adjustments while employed as foreman in the drainage department if appointments are not fulltime.
R.S. 33:362; R.S. 42:63
Hon. Ernest LaFont Chief of Police Town of Grand Isle P.O. Box 880 Grand Isle, Louisiana 70358
Dear Mr. LaFont:
Your recent request for an opinion from the Attorney General has been referred to me for attention. Your questions, as I appreciate them, are as follows:
 1) Can criminal charges be brought against an individual for refusal to relinquish his police commission after notice to do the same by the Chief of Police; and,
 2) If not, what steps are necessary to rescind a police commission that was issued by the Chief of Police with approval of the Mayor and Board of Aldermen; and,
 3) Can the same individual hold the unpaid positions of Civil Defense Director and an appointment on the Board of Adjustments while employed as foreman in the drainage department?
Pertinent to your first two questions is Act 890 of 1985 becoming effective January 1, 1986. Therein it is provided "the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." R.S. 33:362. When this is read with R.S. 33:423 which requires the elected chief of police "make recommendations to mayor and board of aldermen for appointment of police personnel", it appears that the Chief of Police cannot unilaterally recall a police commission.
By equating the issuance of a police commission with employment of municipal employees, the proper procedure for recalling a commission lies with the policies and procedures established by ordinance by the board of alderman.
Only when this procedure has been complied with could any possible criminal charges be pursued and this is a matter that should be discussed with the District Attorney. There appears to be very limited circumstances for any charges. It would have to be determined if he had any property of the municipality that he refused to return; did he continue to exercise police power; did he continue to carry a gun.
However, these questions are irrelevant with respect to possible criminal charges unless proper steps in accordance with policies of the board of aldermen have been followed to rescind the commission.
In regard to your third question we find no prohibition of dual officeholding under Sections 63 and 64 of Title 42 on the assumption that the appointive non — paying positions are not full-time being at least 35 hours per week. An individual with an appointive office of a political subdivision is only prohibited from holding another appointive office "in the government of a foreign country, in the government of the United States, or in the government of another state." A person with full-time employment or full-time appointive position in a political subdivision is prohibited from holding "another full — time appointive office or full-time employment in the government." Since the positions in question do not appear to fall within these catergories or in incompatible offices under R.S. 42:64 we must conclude there is no prohibited dual officeholding.
Your other question on nepotism has been referred to the LOUISIANA Commission on Ethics.
We hope this gives you sufficient guidance in regard to your question but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 William J. Guste, Jr. Attorney General ______________________
 Barbara B. Rutledge Assistant Attorney General
BBR:vls